UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GREEN<br>a/k/a KEVIN BREWER<br>(CDCR # AC5033),<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM KNIPP, warden,<br><br>    Respondent.<br>_____/ | No. C 12-1689 SI (pr)<br><br>**ORDER FOR SECOND AMENDED PETITION** |

A.    <u>Review of Amended Petition</u>

Michael Green a/k/a Kevin Brewer filed a petition for writ of habeas corpus, and later an amended petition for writ of habeas corpus, to challenge his 2009 conviction in Alameda County Superior Court for continuous sexual abuse of a child and aggravated sexual assault of a child.

The amended petition has a peculiar problem which will make it necessary for Brewer to file a second amended petition. Specifically, Brewer uses no periods or commas in the text in which he describes the supporting facts for each of his claims for relief. *See, e.g.,* Docket # 6, p. 6 (description of supporting facts for ground one in the petition is a string of 100+ words unbroken by any punctuation). The absence of that basic punctuation (plus occasional random capitalization) leaves the reader guessing as to the meaning of much of the text. Without the punctuation, the court cannot determine whether Brewer has pled cognizable claims and respondent likely could not formulate a meaningful response.

Brewer must file a second amended petition in which he puts punctuation (e.g., periods and commas) in the text where he describes the supporting facts for each of his claims for relief.

If, for some reason, he is unaware of how to use periods and commas, he must at least leave an empty line between each of the ideas expressed in the petition.[1]

The federal court may only consider claims for violations of a habeas petitioner's rights under the constitution, laws or treaties of the United States, see 28 U.S.C. § 2254(a), and cannot consider claims for violations of state law. Therefore, Brewer should not allege any claims for violations of state law in his second amended petition.

For the foregoing reasons, the amended petition is dismissed with leave to file a second amended petition no later than **July 13, 2012**. The second amended petition should have this case caption and case number on the first page and should be clearly marked "Second Amended Petition." Failure to file the second amended petition by the deadline will result in the dismissal of this action.

B.     Miscellaneous Motions

Brewer's motion for a stay and abeyance is DENIED as moot. (Docket # 3.) After he filed that motion, Brewer filed a document in which he "ask[ed] the court to move forward with" the petition he had filed. (Docket # 7.)

Brewer's request for appointment of counsel is DENIED without prejudice. (Docket # 8.) A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel at this time.

---

[1] Basic punctuation should not be beyond Brewer's grasp, as indicated by the adequate vocabulary and spelling in the amended petition, as well as his statement in another case that he had a 9th grade education. *See* Docket # 9 in *Michael Green v. Alta Bates Summit Medical Center*, Case No. C 11-685 SI. He also represented himself in the state criminal case that is the basis for this habeas action.

2

1 | Brewer's *in forma pauperis* application is GRANTED.  (Docket # 2.)
2 | IT IS SO ORDERED.
3 | DATED: June 5, 2012

                                                SUSAN ILLSTON
                                        United States District Judge

3