UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GREEN<br>a/k/a KEVIN BREWER<br>(CDCR # AC5033),<br><br>        Petitioner,<br><br>    v.<br><br>WILLIAM KNIPP, warden,<br><br>        Respondent.<br>_____/ | No. C 12-1689 SI (pr)<br><br>**ORDER OF DISMISSAL WITH<br>LEAVE TO AMEND** |

**INTRODUCTION**

Michael Green a/k/a Kevin Brewer filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon reviewing his amended petition, the court ordered him to file a second amended petition to correct certain deficiencies. Brewer then filed a second amended petition, a motion to appoint counsel, and a motion for a stay so he could return to state court to exhaust additional claims. Before the court ruled on his motion for a stay, he filed a document indicating that he had completed his state court exhaustion efforts. His two motions are now before the court for consideration, and his second amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

The second amended petition and other documents filed by Brewer provide the following information. Following a jury trial at which he represented himself, Brewer was convicted in Alameda County Superior Court of continuous sexual abuse of a child and aggravated sexual assault on a child. He admitted allegations that he had prior convictions and prior prison terms. He was sentenced to a total of 61 years to life in prison.

Brewer appealed. On February 1, 2011, the California Court of Appeal affirmed the conviction, with a modification of Brewer's sentence to include presentence conduct credits. His petition for review was denied by the California Supreme Court on May 11, 2011. Brewer apparently filed several unsuccessful state court collateral challenges to his conviction.

**DISCUSSION**

A.   Motions

Brewer filed a motion for a stay of the proceedings so that he could return to state court to exhaust some issues. Before the court ruled on the motion, Brewer filed a "petition to proceed," indicating that the denial of his petition for writ of error coram vobis in the California Supreme Court had concluded his state court activities. (Docket # 15.) The motion for a stay is DENIED as moot because Brewer apparently has now exhausted his state court remedies and is ready to proceed. (Docket # 11.)

Brewer filed a second motion for appointment of counsel. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel. The second motion for appointment of counsel therefore is DENIED. (Docket # 13.)

2

B.     Review of Second Amended Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The second amended petition alleges the following claims: (1) the evidence was insufficient to support the conviction for continuous sexual abuse of a child, in that there was insufficient evidence that the acts occurred in the applicable time period; (2) the evidence was insufficient to support the conviction of aggravated sexual assault of a child, in that the evidence was insufficient that Brewer accomplished the assault with sufficient force; (3) Brewer's Sixth Amendment right to jury trial and fair notice of the crimes charged was violated in that (a) he received multiple punishments for the same sexual offenses pertaining to the same victim over the same time period, (b) his sentence was enhanced on the basis of a statute that was not in existence at the time of the offense, and (c) the criminal complaint was amended;[1] (4) the accusatory pleading was defective (and counsel should have demurred to it as being defective) because Brewer was in custody during part of the time period alleged in the charge of continuous sexual abuse of a child; (5) counsel provided ineffective assistance in failing to conduct a reasonable pre-trial investigation; (6) the denial of Brewer's requests for appointment of counsel (in place of self-representation) on the day set for trial and a week later violated his Sixth Amendment right to counsel; (7) his rights to due process, to present a defense, and to confront

---

[1] Claim 3 in the petition is far from clear, and the court has attempted to state it in a more coherent manner.

3

witnesses were violated when the trial court restricted his cross-examination of a key prosecution witness and restricted evidence that the victim previously had made a false accusation of molestation; and (8) Brewer's conviction was obtained as a result of outrageous government misconduct, discriminatory enforcement of the law, prosecutorial vindictiveness, and prosecutorial misconduct; there were discovery violations; and he is innocent. Liberally construed, Claims 1-3, 6, and 7 are cognizable and warrant a response.

A response will not be required to Claim 4 because it is patently meritless. In Claim 4, Brewer urges that his incarceration on certain days meant that he could not have committed the sex abuse of the child on those days. The fact that Brewer may have been in custody on some of the days during the time period alleged in the charge of continuous sexual abuse of a child does not make the accusatory pleading deficient because daily and uninterrupted physical contact with the victim was not an element of either crime. He was charged with one count of continuous sexual abuse of a child under 14, *see* Cal. Penal Code § 288.5(a), alleged to have occurred between January 19, 1996 and January 18, 2002. He also was charged with one count of aggravated sexual assault on a child under 14, *see* Cal. Penal Code § 269(a)(1), alleged to have occurred between January 19, 2002 and January 18, 2004. *See* Second Amended Petition, Exhibit B. Neither of those counts required that he commit the act on each and every day of the date period alleged. For example, although called "continuous" sexual abuse, § 288.5 defines the offense as "engag[ing] in three or more acts of substantial sexual conduct" "over a period of time, not less than three months in duration." Cal. Penal Code § 288.5(a). Brewer's absence on some of the days within the range of dates during which the crimes allegedly occurred was not a complete defense to either of the charges against him. Counsel's failure to challenge the accusatory pleading on the ground that petitioner was in custody on some of the days during the alleged period was not ineffective assistance of counsel. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (trial counsel does not engage in deficient performance in failing to raise a meritless motion). Claim 4 is dismissed without leave to amend.

Claim 8 makes several conclusory allegations but offers no supporting facts. The habeas

rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity); *Wacht v. Cardwell*, 604 F.2d 1245, 1246-47 (9th Cir. 1979) (same). A primary purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the state should be ordered to show cause why the writ should not be granted. *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253). Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause. *See Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970). Brewer will be given leave to amend to file an amendment to his second amended petition that states the facts supporting his conclusory allegations of constitutional violations in Claim 8. For example, he must describe the specific acts or omissions of the prosecutor that amounted to prosecutorial misconduct. As another example, he must describe the evidence that was not produced and explain why that evidence was material for his claim that there was a *Brady* violation.

In his second amended petition, Brewer alleges that his state law rights (as well as his federal constitutional rights) were violated. A federal court may only consider claims for violations of a habeas petitioner's rights under the constitution, laws or treaties of the United States, *see* 28 U.S.C. § 2254(a), and cannot consider claims for violations of state law because federal habeas relief is not available for state law errors. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citations omitted). The state law claims are dismissed without leave to amend.

Finally, the court notes that Brewer's second amended petition is not a model of clarity. The court has listed what it believes are the constitutional claims that Brewer is attempting to allege. If Brewer disagrees with the court's listing or any part of it, he must inform the court in the amendment described in the next section.

**CONCLUSION**

The second amended petition states several claims for federal habeas relief. However, Claim 8 must be amended because it does not adequately allege any claim for federal habeas relief. No later than **December 14, 2012**, Brewer must file an amendment in which he describes the facts supporting the allegations of Claim 8. (The use of an amendment, rather than a third amended petition, is requested because he only needs to provide additional allegations about this one claim; the amendment will be read in conjunction with the second amended petition.) His amendment must allege the violation of one or more federal constitutional rights and must state the facts showing the alleged violation(s). If Brewer does not file an amendment, or the amendment he files does not cure the deficiencies identified in this order, Claim 8 will be dismissed. After the Claim 8 pleading problems are resolved, the court will issue a scheduling order for briefing on the claims in the second amended petition.

IT IS SO ORDERED.

DATED: November 14, 2012

_____
SUSAN ILLSTON
United States District Judge