1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11  MICHAEL GREEN,                          Case No.  12-cv-01689-WHO (PR)
    aka KEVIN D. BREWER,

12              Petitioner,
                                            ORDER DENYING PETITION FOR
13      v.                                  WRIT OF HABEAS CORPUS

14  WILLIAM KNIPP,

15              Respondent.

16                           INTRODUCTION

17          Petitioner Michael Green, aka Kevin D. Brewer, seeks federal habeas relief from his

18  state convictions because:  (1) the evidence was insufficient to support a conviction for

19  continuous sexual abuse of a child; (2) the evidence was insufficient to support the

20  conviction of aggravated sexual assault of a child; (3) his Sixth Amendment rights to a jury

21  trial and to due process were violated; (4) trial counsel rendered ineffective assistance;

22  (5) the denial of his request for reappointment of counsel violated his right to counsel; and

23  (6) his rights to due process, present a defense, and  confront witnesses were violated.

24  None of these claims has merit and, for the reasons set forth below, the petition for such

25  relief is DENIED.

26                            BACKGROUND

27          In 2008, an Alameda County Superior Court jury found Green guilty of continuous

28  sexual abuse of a child under the age of 14 and aggravated sexual assault on a child under

United States District Court
Northern District of California

the age of 14. Evidence presented at trial showed that Green repeatedly molested and sexually abused his daughter L.D. between January 19, 1996 and January 18, 2004, from when she was 5 years old until she was 14 or 15. (Ans., Ex. 5 at 4; Ex. 2, Vol. 2 at 186, 191.) The evidence against Green consisted of the victim's testimony, incriminating voicemails and several letters Green sent to the victim. (*Id.*, Ex. 5 at 3.) Green defended himself by asserting that the voicemails were innocuous and that he could not have committed the acts because he had been incarcerated when the acts allegedly occurred. (*Id.*) He had only been intermittently incarcerated and was not in custody for significant parts of that time period, however. (*Id.* at 4.)

Green received a sentence of 61 years to life in state prison. (Ans., Ex. 5 (State Appellate Opinion, *People v. Brewer*, 192 Cal. App. 4th 457 (Cal. Ct. App. Feb. 1, 2011)).) His efforts to overturn his convictions in state court were unsuccessful.[1]

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question

---

[1] The state appellate court determined on direct review that Brewer was entitled to additional presentence time credits, and modified the judgment accordingly. (Ans., Ex. 5 at 1.)

United States District Court
Northern District of California

of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

When presented with a state court decision that is unaccompanied by a rationale for its conclusions, a federal court must conduct an independent review of the record to determine whether the state-court decision is objectively reasonable. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). This "[i]ndependent review of the record is not *de novo* review of the constitutional issue, but rather, the only method by which [a federal court] can determine whether a silent state court decision is objectively unreasonable." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

## DISCUSSION

### I.    Sufficiency of Evidence of Continuous Sexual Abuse of a Child

Green contends that there was insufficient evidence to support his conviction under California Penal Code section 288.5(a) for continuous sexual abuse of a child. He asserts that he could not have committed the crimes because he was incarcerated when the alleged abuse occurred. He presented this claim to the state courts only by way of a habeas

petition to the state supreme court, which summarily denied it.  (Ans., Ex. 9.)

Accordingly, this Court must conduct an independent review to determine whether the

state court's decision was "objectively reasonable."  *See Delgado*, 223 F.3d at 982.

When reviewing a state court conviction, a federal court must determine only

whether, "after viewing the evidence in the light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Only if no rational trier

of fact could have found proof of guilt beyond a reasonable doubt may the writ be granted.

*Id.* at 324.  "[T]he only question under *Jackson* is whether [the jury's] finding was so

insupportable as to fall below the threshold of bare rationality."  *Coleman v. Johnson*, 132

S. Ct. 2060, 2065 (2012).

In California, a person may be convicted for continuous sexual abuse of a child if

the accused (1) had recurring access to a child under the age of 14 and (2) committed three

or more acts of lewd or lascivious conduct or three or more acts of substantial sexual

conduct on the child over a time period of no less than three months.  Cal. Penal Code

§ 288.5(a).  A jury need only agree that the requisite number of acts occurred, not which

acts constitute the offense.  *Id.* § 288.5(b).  The statute does not require that the period of

abuse be continuous.  Abuse occurring over several separate periods is sufficient.  *People*

*v. Vasquez*, 51 Cal. App. 4th 1277, 1283–84 (Cal. Ct. App. 1996).

Habeas relief is not warranted here.  Sufficient evidence existed to support Green's

conviction.  The first element was satisfied by evidence that he lived with the victim for

some time and then frequently visited the victim before she was 14 years old.  (Ans., Ex. 5

at 2.)  The second element is also met, as the victim testified that Green had molested her

from the time she was five years old until she was at least thirteen years old, with the

sexual acts occurring in local parks (10 to 20 times in each park), at the Berkeley marina,

and in a motel.  (*Id.*)  By his own admission, Green indicated that he had been out of

custody for over 18 weeks during a single year of the alleged abuse, and there is no

evidence that he was incarcerated between June 27, 1996 and July 20, 2001, during which

4

time he frequently visited the victim.  (*Id.* at 4.)  Given this evidence and the number of times the victim claimed to have been sexually abused, a rational fact finder could infer that Green's incarceration alibi did not exclude a finding that he had time to sexually abuse L.D. for three months or more.  Because the jury's decision does not fall below the threshold of bare rationality, *see Coleman*, 132 S. Ct. at 2065, the state court's decision was not objectively unreasonable and is entitled to AEDPA deference.  Green's claim is DENIED.

**II.     Sufficiency of Evidence of Aggravated Sexual Assault on a Child**

Green claims that the victim's testimony was not sufficient to support a finding of the force element of the charge of aggravated sexual assault on a child.  He presented this claim to the state courts only by way of a petition to the state supreme court, which summarily denied it.  (Ans., Ex. 9.)  Accordingly, this Court must conduct an independent review to determine whether the state court's decision was "objectively reasonable."  *See Delgado*, 223 F.3d at 982.

In California, 'force' is defined as "physical force of a degree sufficient to support a finding that the act of sexual intercourse was against the will of the [victim]."  *People v. Griffin*, 33 Cal. 4th 1015, 1024 (2004).

Habeas relief is not warranted here.  The victim's testimony established that Green used such "force":

[Prosecution] Q: Would you ever do anything besides telling him to get him to try to stop?

[Victim] A: I would try to push him off me.

Q:      Did that work?

A:      He's way bigger than me.  Not really.

(Ans., Ex. 2, Vol. 2 at 183.)  The victim's testimony could have convinced a reasonable trier of fact that Green did use sufficient force during his sexual assault on her, because her attempts to push him away could be reasonably interpreted to mean that the intercourse was against her will.  Given this reasoning, the jury's finding does not fall below the bare

United States District Court
Northern District of California

1   threshold of rationality.  *See Coleman*, 132 S. Ct. at 2065.  Accordingly, the state court's

2   decision was not objectively unreasonable and is entitled to AEDPA deference.  Green's

3   claim is DENIED.

4   **III.   Sixth Amendment Rights**

5      Green contends that the trial court violated his Sixth Amendment right to a jury trial

6   and fair notice of crimes charged because (A) the criminal complaint was wrongfully

7   amended, (B) he received multiple convictions for the same sexual offenses, and (C) his

8   sentence was enhanced by a statute not in existence at the time of the offense.

9      **A.   Amendment to the Complaint**

10     Green claims that the criminal complaint was wrongfully amended.  Specifically, he

11  contends that the amendments did not relate back to the original charges, thus the statute of

12  limitations for his offense bars the new charges.  He did not present this claim to the state

13  supreme court for review.

14     Habeas relief is not warranted here.  First, the claim is not exhausted because Green

15  failed to raise this claim in his petition to the state supreme court.  (Ans., Ex. 8.)

16  Consequently, the claim is denied on grounds of nonexhaustion.  *See* 28 U.S.C. § 2254

17  (b)(1).  Second, the claim fails on its merits.  Green argues that the complaint was

18  amended improperly, but the amendment was made after the preliminary hearing, at which

19  the prosecution discovered evidence of aggravated sexual assault from the victim's

20  testimony.  (Ans., Ex. 1, Vol. 1 at 100.)  This is permitted in California:  "unless the

21  magistrate makes factual findings to the contrary, the prosecution may amend the

22  information after the preliminary hearing to charge any offense shown by the evidence

23  adduced at the preliminary hearing provided the new crime is transactionally related to the

24  crimes for which the defendant has previously been held to answer."  *People v. McCoy*,

25  215 Cal. App. 4th 1510, 1531 (2013).  The second charge was 'transactionally related' to

26  the first charge because it pertained to the same victim and defendant in consecutive time

27  periods.  No further amendments were made to the complaint after December 30, 2008,

28  whereupon the District Attorney filed the operative complaint that included charges of

United States District Court
Northern District of California

6

1  continuous sexual abuse of a child and aggravated sexual assault of a child.  (Ans., Ex. 1,

2  Vol. 1 at 5.)  As the information within the complaint was amended properly, no

3  constitutional violation occurred.  The claim is DENIED.

### B.     Multiple Punishments for the Same Offense

5      Green claims that he received multiple punishments for the same offense, a

6  violation of California Penal Code section 654, which states that "in no case shall the act

7  or omission be punished under more than one provision."

8      Habeas relief is not warranted here.  Violations of state law are not remediable on

9  federal habeas review, even if state law were erroneously interpreted or applied.

10  *Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011).[2]  Accordingly, this claim is DENIED.

### C.     Ex Post Facto Claim

12     Green claims that his sentence was enhanced by a statute that did not exist at the

13  time of the crime being committed, which violates the Ex Post Facto Clause.  His sentence

14  was increased owing to his prior "strike" convictions, prior convictions for serious

15  felonies, and his service of prior prison terms under California Penal Code sections 667

16  and 667.5.  (Ans., Ex. 5 at 4.)

17     Habeas relief is not warranted here.  First, Green did not exhaust this claim.  His

18  state habeas petition merely stated "Ex Post Facto" but did not provide supporting

19  evidence or any indication of how the clause was violated.  (Ans., Ex. 8 at 7.)  This general

20  reference is insufficient to exhaust the claim, as it has not met the fair presentation

21  requirement.  He failed to "provide the state court with the operative facts, that is 'all of

22  the facts necessary to give application to the constitutional principle upon which [the

23  petitioner] relies.'"  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted).

---

[2] Even if this claim were cognizable on federal habeas review, it would fail on the merits.
Green was convicted for two separate offenses that are substantively different and that
occurred during differing time frames.  The first offense of continuous sexual abuse of a
child took place between January 19, 1996, and January 18, 2002.  (Ans., Ex. 5 at 4.)  The
second offense of aggravated sexual assault of a child took place between January 19,
2002 and January 18, 2004.  (*Id.*).  The two substantively different offenses took place in
different time periods, so the trial court appropriately imposed separate punishments under
California Penal Code section 654.

United States District Court
Northern District of California

Green's claim was not exhausted in state court and is denied on that basis.

Second, the claim lacks merit. Green was convicted for continuous sexual assault of a child under California Penal Code section 288.5, which was enacted in 1989. Cal. Stats. 1989, c. 1402, § 4. Green was also convicted for aggravated sexual assault of a child under California Penal Code section 269, which was enacted in 1994. Cal. Stats. 1994, c. 48 § 1. Both of these statutes were enacted before Green began to abuse his daughter in 1996. (Ans., Ex. 5 at 4.) In addition, Green's sentence was enhanced under California Penal Code section 667 and 667.5, which were passed before Green's conviction. Section 667 was added in 1994 and section 667.5 was passed in 1976. Cal. Stats. 1976 ch. 1139, § 268. Green's original conviction and his subsequent sentence enhancement did not violate the Ex Post Facto Clause of the United States Constitution because all relevant statutes existed — were "on the books" — at the time he committed the crimes. *See United States v. Kaluna*, 192 F.3d 1188, 1199 (9th Cir. 1999) Accordingly, Green's claim is DENIED.

## IV.    Assistance of Counsel

Green claims that his defense counsel was ineffective because she failed to conduct a reasonable pre-trial investigation.

Although Green was appointed counsel (Andrea Auer) prior to the preliminary hearing, he disposed of his appointed counsel and filed a motion to represent himself, which the trial court granted. (Ans., Ex. 5 at 5.) Consequently, Green represented himself from May 29, 2009 to November 2, 2009; he then requested reappointment of counsel immediately after the case had been assigned out to a trial department. (*Id.*) The court offered to reappoint his previous attorney, but Green rejected this offer and continued to represent himself throughout the trial, although he was granted advisory counsel after he requested counsel again following jury selection. (*Id.*)

Habeas relief is not warranted here. First, the claim is unexhausted. In his state petition, he claimed his appellate, not trial, counsel was ineffective. (Ans., Ex. 8 at 9.) Although the claims are similar, they question the abilities of different persons serving at

different times.  Specifically, he failed to "provide the state court with the operative facts, that is 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'"  *Davis*, 511 F.3d at 1009.  Thus, Green's claim was not exhausted in state court and is denied on that basis.

Second, the claim lacks merit.  A defendant who elects to self-represent cannot later complain "that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"  *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).  Green represented himself for the five months leading up to, and then through, trial.  (*Id.*)  Therefore, Green cannot successfully claim that his counsel failed to conduct a reasonable pre-trial investigation because Green was his own counsel during that time, which means that his claim is precluded under *Faretta*.  Consequently, Green's claim of ineffectiveness of counsel is DENIED.

## V.   The Denial of Petitioner's Request for Reappointment of Counsel

Green claims that the denial of his request for reappointment of counsel (A) immediately before trial and (B) after jury selection violated his Sixth Amendment right to counsel.

### A.   Reappointment of Counsel Before Trial

The relevant facts are as follows:

> Prior to the preliminary hearing, attorney Andrea Auer was appointed to represent [Green] . . . On May 29, 2009, [Green] filed a motion to represent himself under *Faretta v. California* (1975) 422 U.S. 806.  The court granted this motion, relieving Auer as counsel, and appointed an investigator to assist [Green] in preparing for trial.  On November 2, 2009, after the case was assigned out to a trial department, [Green] asked for appointed counsel. By then, over 18 months had passed since the complaint was filed, and [he] had been representing himself for over five months . . . The trial court offered to reappoint Auer, who was familiar with the case and available to represent [Green] at trial.  [He] did not want her as counsel, however.  The trial court denied [Green]'s request for a different attorney, finding that it was made in an effort to delay the trial, and was untimely.

(Ans., Ex. 5 at 5.)  The state appellate court rejected Green's argument because it "ignores the fact that when [he] requested counsel before the start of trial, the court granted the

9

request, provided that [he] would agree to be represented by Auer." (*Id.* at 6.) Furthermore, the appellate court rejected his contention that he was entitled to refuse Auer because his motions to relieve Auer were unsuccessful. (*Id.*)  Lastly, the court noted that Green was not entitled to counsel of his own choosing, he was merely entitled to competent and conflict-free counsel. (*Id.*)

Habeas relief is not warranted here.  First, there is no clearly established Supreme Court precedent that a defendant who waives counsel and changes his mind has an absolute right to reappointment of counsel under the Sixth Amendment. *See John-Charles v. California*, 646 F.3d 1243, 1249 (9th Cir. 2011).  Under the Sixth Amendment, Green was entitled to counsel during his prosecution as part of his right to a fair trial. *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963).  He was not entitled to reappointment of counsel as a matter of right after he waived counsel under *Faretta*.

Second, Green was not entitled to his first choice of counsel. *See Wheat v. United States*, 486 U.S. 153, 159 (1988).  Although Green was entitled to conflict-free counsel and his petition states that there was a conflict of interest with his appointed counsel, his petition does not state the conflict or make any supporting arguments for its existence. Green's request was rightfully rejected because Green refused appointed counsel and instead insisted on counsel of his choice.  Given this evidence, the state court's decision was not objectively unreasonable and is entitled to AEDPA deference.  Green's claim is DENIED.

### B.    Reappointment of Counsel After Jury Selection

The state appellate court summarized the procedural history of Green's second attempt to seek reappointment of counsel after his *Faretta* waiver:

> Just over a week later, after the completion of jury selection on November 10, 2009, [Green] changed his mind, and agreed to accept Auer as his counsel if the court reappointed her.  By then, however, Auer was no longer available.  The court declined to continue the trial in order to locate another attorney and give that person time to prepare.   The court granted [Green's]'s request for advisory counsel, however, and contacted several attorneys in order to try to locate someone who was willing to serve in that

capacity.  Before the presentation of evidence began, the court located and appointed advisory counsel, who assisted [Green] throughout the trial, and participated extensively in the discussion of jury instructions.

(Ans., Ex. 5 at 5.)

The state appellate court found that the trial court did not abuse its discretion by denying Green counsel just after jury selection:  "Disruption and delay are inevitable when a trial is continued after a jury has been selected, witnesses have made themselves available to testify, and opposing counsel is ready to proceed."  (Ans., Ex. 5 at 7.)  In the interest of time and fairness, the state appellate court agreed with the trial court and held that rejecting Green's reappointment request was a fair exercise in judicial discretion.  (*Id.*)  In addition, the appellate court found that any error committed by the trial court was harmless because "it simply is not reasonably probable that the outcome of the trial would have been more favorable to [petitioner] if he had been represented by counsel."  (*Id.* at 7.)

Habeas relief is not warranted here.  First, there is no precedent that establishes a right to reappointment of counsel after a valid *Faretta* waiver.  *See John-Charles*, 646 F.3d at 1249.  Second, the appellate court's decision was made on a finding that the trial judge was accorded an appropriate amount of discretion to ensure that the trial was speedy and fair.  A reasonable fact-finder could have inferred that a continuance would have unreasonably delayed the trial while Green attempted to find a new attorney.  Given that Green had elected to self-represent and rejected appointed counsel twice, a reasonable trier of fact could conclude that Green was merely employing a delaying tactic and did not have a right to continue the trial.  Accordingly, the state court's decision was not objectively unreasonable and is entitled to AEDPA deference.  Green's claim is DENIED.

## VI.   The Trial Court's Exclusion of Evidence

Green contends that his rights to due process, present a defense, and confront witnesses were violated when the trial court restricted evidence of a prior sexual abuse accusation the victim had made.

At trial, Green sought to introduce evidence that the victim had previously made and retracted allegations that she had been molested by a man other than Green.  (Ans., Ex.

11

United States District Court
Northern District of California

2, Vol. 2 at 145–46.)  Upon questioning, the victim "said she made the whole thing up."
(*Id.*)  Green attempted to impeach the victim using this evidence, but the trial court decided it would be "more prejudicial than probative" and did not permit Green to use this evidence to cross-examine the victim.  (*Id.* at 147.)  However, the trial judge did allow Green to question the victim about her prior accusations against Green and her juvenile delinquency record.  (*Id.*, Ex. 5 at 8.)  Based on this evidence, the state appellate court held that the trial court did not abuse its discretion in disallowing the additional impeachment evidence.  (*Id.* at 9.)  Furthermore, the state appellate court noted that in California, a previous false report of sexual assault can be used to impeach the complaining witness in a sex crime case as long as the cross-examiner can show that the prior accusation was actually false.  *People v. Tidwell*, 163 Cal. App. 4th 1447, 1456–58 (2008).  The trial court established that the victim's prior accusation had not been proved false; consequently the appellate court reasoned that it was permissible for the trial court to exclude the evidence. (Ans., Ex. 5 at 8.)  Lastly, the state appellate court concluded that any abuse of discretion merely amounted to harmless error due to the strength of the prosecution's case and the fact that Green was allowed to impeach the victim using other methods.  (*Id.* at 9.)

State and federal rulemakers have broad discretion in excluding evidence from trials.  *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006).  This discretion is limited by a defendant's constitutional rights to due process and to present a defense, rights originating in the Sixth and Fourteenth Amendments.  *Id.*  Furthermore, this Court recognizes that "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury."  *Holmes*, 547 U.S. at 326.

Habeas relief is not warranted here.  The evidence was excluded because it was prejudicial, time consuming, and would ultimately become "a trial within the trial."  (Ans., Ex. 2, Vol. 2 at 147.)  In his petition, Green contends that inclusion of this evidence would not have been time consuming because the victim may have readily admitted to the false accusation upon being questioned.  This argument is speculative at best, and does not

1   defeat the trial court's judgment that further cross-examination would have been time

2   consuming.  Green further contends that he had additional documents that would aid him

3   in impeaching the victim, but these documents are not identified or within the record.

4         Green was not entitled to full discretion in his cross-examination.  Under the

5   Confrontation Clause, while defendants have the right to an opportunity for effective

6   cross-examination, they are not entitled to cross-examine witnesses in whatever way, and

7   to whatever extent, they might wish.  *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per

8   curiam).  Green's rights under the Confrontation Clause would have been violated if the

9   trial court had prevented him from examining a relevant topic.  *Fenenbock v. Dir. of Corr.*

10  *for California*, 692 F.3d 910, 919 (9th Cir. 2012).   Green questioned the victim about her

11  previous molestation accusation against Green.  Green cross-examined the victim

12  regarding her subsequent allegations of sexual abuse against him.  His Confrontation

13  Clause rights were not infringed by the exclusion of the impeachment  evidence he sought

14  — he was granted the opportunity for effective cross-examination.  Indeed, the evidence

15  Green wished to adduce would have been cumulative as he had been permitted to impeach

16  the witness using other methods.  (Ans., Ex. 5 at 8.)

17        Given the evidence, a reasonable trier of fact could have inferred that limiting this

18  particular piece of evidence did not violate Green's right to due process, present a defense,

19  or confront witnesses.  This finding is not so insupportable as to fall below the bare

20  threshold of rationality.  *See Coleman*, 132 S. Ct. at 2065.  Moreover, any violation of

21  Green's rights reasonably amounted to harmless error because the prosecution's case was

22  strong and Green's guilt was firmly established through testimony, letters that he wrote,

23  and voicemails and text messages that Green left the victim.  (Ans., Ex. 5 at 3.)  The state

24  court's decision was not objectively unreasonable and is entitled to AEDPA deference.

25  Green's claim is DENIED.

26

27

28

United States District Court
Northern District of California

13

1

## CONCLUSION

2      The state court's adjudication of Green's claims did not result in decisions that were

3  contrary to, or involved an unreasonable application of, clearly established federal law, nor

4  did they result in decisions that were based on an unreasonable determination of the facts

5  in light of the evidence presented in the state court proceeding.  Accordingly, the petition

6  is DENIED.

7      A certificate of appealability will not issue.  Reasonable jurists would not "find the

8  district court's assessment of the constitutional claims debatable or wrong."  *Slack v.*

9  *McDaniel*, 529 U.S. 473, 484 (2000).  Green may seek a certificate of appealability from

10  the Ninth Circuit.

11      The Clerk shall enter judgment in favor of respondent and close the file.

12      **IT IS SO ORDERED.**

13  **Dated:**  August 4, 2014

14  _____
    WILLIAM H. ORRICK
15    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28